UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL VALDEZ, S-264952,<br><br>    Petitioner,<br><br>    v.<br><br>COUNTY OF SANTA CRUZ JAIL,<br><br>    Respondent. | Case No. 21-cv-02565-CRB  (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 2) |

**I.**

Petitioner, a pretrial detainee facing numerous state criminal charges in Santa Cruz County Superior Court, has filed a pro se petition for a writ of habeas corpus challenging his continued pretrial detention as well as various conditions of his confinement at the Santa Cruz County Main Jail. Petitioner also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

Based solely on his affidavit of poverty, petitioner's request to proceed IFP (ECF No. 2) is GRANTED.

**II.**

Petitioner may challenge his pretrial detention on state criminal charges by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. But principles of comity and federalism require that this court abstain and not entertain any such pre-sentence habeas challenge unless petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate. Id. at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

Here, petitioner has not exhausted available state judicial remedies by pursuing a petition for a writ of habeas corpus challenging his pretrial detention all the way to the Supreme Court of California. Nor has he shown "special circumstances" warranting federal intervention in his pre-sentence habeas challenge. See id. Petitioner's federal habeas challenge to his state pretrial detention must be dismissed without prejudice to refiling after state criminal proceedings, including appeal, are completed and petitioner has exhausted available state judicial remedies.

Petitioner's federal habeas challenge to various conditions of his confinement at the Santa Cruz County Maim Jail must be dismissed without prejudice to bringing in a civil rights complaint under 42 U.S.C. § 1983. It is well established that "habeas jurisdiction is absent, and a § 1983 action proper," where, as here, "a successful challenge to a prison condition will not necessarily shorten the prisoner's [detention]." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

### III.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED without prejudice as set forth above.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

The clerk is instructed to close the file and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: April 15, 2021

_____
CHARLES R. BREYER
United States District Judge